UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT ACEVEDO, et al., | ) | CASE NO.: 1:19-CV-00464 |
| | ) | |
| Plaintiffs, | ) | JUDGE: SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANTS CITY OF STRONGSVILLE AND JOSEPH MOSKO** |
| | ) | |
| CITY OF STRONGSVILLE, OHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

Now come Defendants, City of Strongsville, Ohio and Joseph Mosko, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiffs' Complaint state as follows:

1. Answering Paragraphs 1 and 2 of Plaintiffs' Complaint, Defendants aver said paragraphs are rhetorical and do not require an answer by these Answering Defendants. To the extent an answer is required to Paragraphs 1 and 2 of Plaintiff's Complaint Defendants deny any violation of law.

2. Answering Paragraph 3 of Plaintiffs' Complaint, Defendants aver said paragraph is rhetorical and does not require an answer by these Answering Defendants. Further answering said Paragraph, Defendants deny any violation of law. Further answering said Paragraph, Defendants admit Plaintiffs purport to bring the claims set forth therein and seek to invoke federal jurisdiction over their federal and supplemental state law claims. Further answering said Paragraph, Defendants admit this Honorable Court has jurisdiction over said claims.

3. Answering Paragraph 4 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

4. Answering Paragraph 5 of Plaintiffs' Complaint, Defendants deny the Plaintiffs have been perceived as a non-white Hispanic family. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

5. Answering Paragraph 6 of Plaintiffs' Complaint, Defendants admit the City of Strongsville is a municipal corporation organized under the laws of the State of Ohio and that municipal corporations have certain rights and responsibilities under the law. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

6. Answering Paragraph 7 of Plaintiffs' Complaint, Defendants aver Defendant Joseph Mosko was at all relative times an Engineering Department official for the City of Strongsville having certain duties under the law and in accordance with his employment with the City of Strongsville. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

7. Answering Paragraph 8 of Plaintiffs' Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 6 of their answer as if fully rewritten herein.

8. Answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit the City of Strongsville has a predominately Caucasian population. Further answering said Paragraph, Defendants is without sufficient information or belief to form an opinion as to what the scope of "Greater Cleveland" is and therefore denies the remaining alleges of Paragraph 9 of Plaintiffs' Complaint.

9. Answering Paragraph 10 of Plaintiffs' Complaint, Defendants admit in early 2015 a building permit was taken out with the City of Strongsville by Robru Investment Corporation.

Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

10. Answering Paragraph 11 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

11. Answering Paragraph 12 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same. Further answering said Paragraph, Defendants only knowledge of Gilbert Acevedo as a "building contractor" is as a cement contractor and not as a general contractor.

12. Answering Paragraph 13 of Plaintiffs' Complaint, Defendants aver certain building plans were submitted to the City of Strongsville's Building Department for approval on or about July 6, 2015. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

13. Answering Paragraph 14 of Plaintiffs' Complaint, Defendants aver on or about July 30, 2015 plans were approved with a number of requirements noted and subject to compliance with those determinations as determined by the residential building official. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

14. Answering Paragraph 15 of Plaintiffs' Complaint, Defendants admit construction began. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

15. Answering Paragraph 16 of Plaintiffs' Complaint, Defendants admit that various stages and elements of the construction of a new home require inspections and approvals at the various stages and elements of construction. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

16. Answering Paragraph 17 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the meaning of Paragraph 17 of Plaintiff's Complaint and therefore deny the same.

17. Answering Paragraph 18 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

18. Answering Paragraph 19 of Plaintiffs' Complaint, Defendants admit on September 9, 2015 a deficiency was noted with respect to the construction drive not being completed at the roadway and that on the same day deficiencies were noted in terms of erosion control not being completed and that the builder was required to resubmit the topo as the sewer was too high relative to the house. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

19. Answering Paragraph 20 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the meaning of the allegations contained therein and therefore deny the same.

20. Answering Paragraph 21 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

21. Answering Paragraph 22 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

22. Answering Paragraph 23 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

23. Answering Paragraph 24 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

24. Answering Paragraph 25 of Plaintiffs' Complaint, Defendants aver there were inspections which the project failed to pass. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

25. Answering Paragraph 26 of Plaintiffs' Complaint, Defendants admit that Inspector Sheets issued a fail inspection with respect to the building footers. Further answering said Paragraph, Defendants admit concrete could not be poured until the footing inspection was passed.

26. Answering Paragraphs 27, 28, 29, 30, 31, 32, 33, 34, and 35 of Plaintiffs' Complaint, Defendants aver that the footers were failed because the "muck" in the footers was indicative of the possibility of soils that would not sustain the load that was to be placed on them. Defendants further admit requiring that soils testing be done in order to establish the soil's ability to carry the necessary load. After required testing was performed to substantiate the soil's ability to carry the load the footers were passed. Further answering said Paragraphs, Defendants admit the City of Lorain is a municipality west of the City of Cleveland that has a substantial Latino population relative to the City of Strongsville. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

27. Answering Paragraph 36 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

5

28. Answering Paragraph 37 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

29. Answering Paragraph 38 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

30. Answering Paragraphs 39, 40, 41, 42, 43, and 44 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

31. Answering Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 and 61 of Plaintiffs' Complaint, Defendants deny the characterization of the events set forth therein. Further answering said Paragraphs, Defendants admit on or about April 19, 2016 the inspector failed the inspection due to the lack of strapping to insure loads were transmitted and to provide uplift protection in accordance with the code. Further answering said Paragraphs, Defendants aver that Michael Miller revised Inspector Sheets' failure to "no issues" and passed the inspection as compliant. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

32. Answering Paragraph 62 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

33. Answering Paragraphs 63, 64, 65, 66, and 67 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same. Further answering said Paragraphs, to the extent Plaintiff is making reference to the property of 16555 Whitney Road, Strongsville, Ohio, Defendants aver that certain violations were issued and that said violations speak for themselves. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

34. Answering Paragraph 68 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

35. Answering Paragraphs 69, 70, 71, 72, 73, 74, 75, 76, 77, and 78 of Plaintiffs' Complaint, Defendants aver said inspections speak for themselves, as does the documentation with respect to the failures of those inspections and the related deficiencies. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

36. Answering Paragraph 79 of Plaintiffs' Complaint, Defendants admit Larry Sheets made a statement: "why don't you put a ladder down here, stand and work like a white person." Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

37. Answering Paragraph 80 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

38. Answering Paragraph 81 of Plaintiffs' Complaint, Defendants deny anyone has been subjected to racial insults and unfair inspections in the City of Strongsville, other than the aberrational comment made by Larry Sheets. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

39. Answering Paragraph 82 of Plaintiffs' Complaint, while Mr. Miller was present at the time of the alleged statement, Mr. Miller did not witness the statement made by Mr. Sheets. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

40. Answering Paragraph 83 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

41. Answering Paragraph 84 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

42. Answering Paragraph 85 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

43. Answering Paragraphs 86, 87, 88, 89, 90, and 91 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

44. Answering Paragraph 92 of Plaintiffs' Complaint, Defendants admit on August 10, 2016 Inspector Brian Roenigk failed Acevedos' underground electrical for a code violation. Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

45. Answering Paragraph 93 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

46. Answering Paragraph 94 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

47. Answering Paragraph 95 of Plaintiffs' Complaint, Defendants admit the allegations contained therein and aver that a monetary fine is assessed when an inspection is failed multiple times. Further answering said Paragraph, Defendants aver said inspection speaks for itself.

48. Answering Paragraphs 96 and 97 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

49. Answering Paragraph 98 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

50. Answering Paragraph 99 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

51. Answering Paragraph 100 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

52. Answering Paragraph 101 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

53. Answering Paragraph 102 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

54. Answering Paragraphs 103 and 104 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

55. Answering Paragraph 105 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

56. Answering Paragraphs 106 and 107 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

57. Answering Paragraph 108 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

58. Answering Paragraph 109 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

59. Answering Paragraphs 110, 111, and 112 of Plaintiffs' Complaint, Defendants admit engineering drawings were required for the garage portal. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

60. Answering Paragraph 113 of Plaintiffs' Complaint, Defendants admit Tammy Acevedo uploaded the Larry Sheets comment onto the City of Strongsville's portal. Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained therein and therefore deny the same.

61. Answering Paragraph 114 of Plaintiffs' Complaint, Defendants admit the driveway inspection failed due to a one inch crown in the grade of the driveway subbase. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

62. Answering Paragraph 115 of Plaintiffs' Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

63. Answering Paragraphs 116 and 117 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

64. Answering Paragraph 118 of Plaintiffs' Complaint, Defendants admit a stop work order was issued relative to the catch basin that applied to the catch basin only. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

65. Answering Paragraph 119 of Plaintiffs' Complaint, Defendants aver the catch basin was not installed as set forth on the site plan approved by the City. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

66. Answering Paragraphs 120, 121, 122, 123, 124, and 125 of Plaintiffs' Complaint, Defendants aver the documents with respect to the expiration and violation of Plaintiffs' permit speaks for itself. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

67. Answering Paragraph 126 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

68. Answering Paragraph 127 of Plaintiffs' Complaint, Defendants admit on July 5, 2017 the catch basin was dug up and moved to the side of the driveway reflected on the plans approved by the City of Strongsville, and that as a result a certain amount of reinforced concrete

pipe would have to be reinstalled due to initially placing the concrete catch basin on the wrong side of the driveway. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

69. Answering Paragraph 128 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

70. Answering Paragraph 129 of Plaintiffs' Complaint, Defendants aver that if Plaintiffs experienced increased cost it was due to mistakes and failures to comply with the building code. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

71. Answering Paragraph 130 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

72. Answering Paragraph 131 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

73. Answering Paragraph 132 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

74. Answering Paragraphs 133 and 134 of Plaintiffs' Complaint, Defendants admit Plaintiffs have not scheduled or had performed the final inspections with respect to the property and that no occupancy permit has been issued.

75. Answering Paragraph 135 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

76. Answering Paragraphs 136, 137, 138, 139, and 140 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

77. Answering Paragraph 141 of Plaintiffs' Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 76 of their answer as if fully rewritten herein.

78. Answering Paragraphs 142, 143, 144, 145, 146, and 147 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

79. Answering Paragraph 148 of Plaintiffs' Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 78 of their answer as if fully rewritten herein.

80. Answering Paragraphs 149 and 150 of Plaintiffs' Complaint, Defendants aver the law and obligations of the City of Strongsville speak for themselves. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

81. Answering Paragraphs 151, 152, 153, 154, 155, 156, 157, and 158 of Plaintiffs' Complaint, Defendants deny the allegations contained therein and controvert the prayer contained subsequent to Paragraph 158 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

82. Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 81 of their answer as if fully rewritten herein.

83. Plaintiffs' claims, in whole or in part, are barred by qualified immunity.

### **SECOND DEFENSE**

84. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

85. Plaintiffs' Complaint, in whole or in part, is barred by failure to comply with the required building codes.

**FOURTH DEFENSE**

86. Plaintiffs' Complaint, in whole or in part, is barred by the statute of limitations.

**FIFTH DEFENSE**

87. Plaintiffs lack standing to bring the claims set forth in Plaintiffs' Complaint.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed, and that they go hence without cost or delay.

        Respectfully submitted,

        MAZANEC, RASKIN & RYDER CO., L.P.A.

        *s/John T. McLandrich*
        JOHN T. MCLANDRICH  (0021494)
        TERENCE L. WILLIAMS  (0081363)
        100 Franklin's Row
        34305 Solon Road
        Cleveland, OH  44139
        (440) 248-7906
        (440) 248-8861 – Fax
        Email:   jmclandrich@mrrlaw.com
                  twilliams@mrrlaw.com

        Counsel for Defendants City of Strongsville, Ohio and Joseph Mosko

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

                                    *s/John T. McLandrich*
                                    JOHN T. MCLANDRICH  (0021494)
                                    TERENCE L. WILLIAMS  (0081363)

                                    Counsel for Defendants City of Strongsville, Ohio and Joseph Mosko

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2019, a copy of the foregoing Answer of Defendants City of Strongsville and Joseph Mosko was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                    *s/John T. McLandrich*
                                    JOHN T. MCLANDRICH  (0021494)
                                    TERENCE L. WILLIAMS  (0081363)

                                    Counsel for Defendants City of Strongsville, Ohio and Joseph Mosko

TRAVR-190054/Strongsville Ds Answer